IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY RHINE, No. 38612-177, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-cv-1003-GPM |
| ) | |
| JAMES CROSS, ) | |
| ROSALIND ROBINSON, and ) | |
| CHRISTINA McKINNEY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who was formerly incarcerated at the Greenville Federal Prison Camp ("Greenville"), brings this *pro se* civil rights action for alleged violations of her constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff filed this case after being discharged from prison, and is now serving her two-year term of supervised release (*See United States v. Rhine*, Case No. 09-cr-133 (N.D. Tx.).

Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 2). Because Plaintiff is on supervised release and is residing in a residential re-entry center, she no longer meets the statutory definition of prisoner for purposes of the *in forma pauperis* statute. 28 U.S.C. § 1915(h). That section states, "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms

and conditions of parole, probation, pretrial release, or diversionary program."

Under 28 U.S.C. 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [she] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.[1]

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a motion to proceed IFP, a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

Plaintiff's complaint brings two claims, both arising from her incarceration in the St.

---

[1] During her incarceration, Plaintiff filed a number of lawsuits, four of which have been dismissed as frivolous or for failure to state a claim upon which relief can be granted: *Rhine v. Deaton*, Case No. 11-cv-26 (N.D. Tx., dismissed April 8, 2011, as frivolous); *Rhine v. Deaton*, Case No. 11-cv-698 (N.D. Tx., dismissed July 20, 2011, as frivolous); *Rhine v. Schmidt*, Case No. 12-cv-64 (N.D. Tx., dismissed April 5, 2012, for failure to state a claim); and *Rhine v. Hartstein*, (S.D. Ill., dismissed Sept. 12, 2012, for failure to state a claim). She has thus "struck out," meaning that she can no longer bring a civil lawsuit *while she is a prisoner* unless she pre-pays the filing fee in full. 28 U.S.C. § 1915(g). Because the present action was filed following Plaintiff's release, however, § 1915(g) does not prohibit her from being granted IFP status in this case.

Clair County Jail ("SCCJ") for approximately a month and a half.[2] She was placed in the county jail temporarily (from June 17, 2010 until August 31, 2010) while serving her federal sentence at Greenville (Doc. 1, p. 5). Soon after she arrived at SCCJ, Plaintiff requested Defendant Robinson (Greenville Unit Manager) on June 25, 2010, to bring her legal paperwork to SCCJ and to allow her additional law library access (Doc. 1, p. 7). Plaintiff intended to file a defamation lawsuit in Texas, and her statute of limitations was about to run out. She needed the legal documents in order to prepare her claim. When she still had not received the documents by July 14, 2010, Plaintiff wrote to Defendants Cross (Greenville Warden) and McKinney (Greenville Unit Administrator) in an effort to get the papers (Doc. 1, p. 8). Despite repeated requests over the next several weeks, Plaintiff did not receive the necessary documents until October 8, 2010 (Doc. 1, p. 11). The statute of limitations had run out on October 4, 2010. Plaintiff filed her suit anyway, requesting the court to toll the time limit, but the action was dismissed as untimely. *Id.*

Plaintiff's second claim relates to the conditions of her confinement at SCCJ. The toilet in her cell did not work properly, and flooded the cell with waste water any time it was flushed (Doc. 1, p. 7). Jail staff gave Plaintiff blankets to soak up the waste water, but she was only allowed to trade in the used blankets once every three days. Plaintiff coped with this problem by only flushing the toilet once every three days. She was not given adequate cleaning supplies or toilet paper. The shower was "infested" with mold, and the food trays were dirty. Plaintiff complained to Defendants, but they did not remove her from SCCJ or remedy the unsanitary

---

[2] Plaintiff included some allegations relating to these claims in another action now pending before this Court (*Rhine v. Cross*, Case No. 12-cv-211-MJR). However, her complaint in that case lacked sufficient factual allegations to state a claim upon which relief could be granted on these two matters, and they were given no further consideration in that action (*see* Doc. 11 in Case No. 12-211).

conditions. As a result of being confined under these conditions, Plaintiff developed breathing difficulties, chest pains, skin infections, stomach problems, nausea, and mental deterioration (Doc. 1, pp. 5, 13).

**Disposition**

Plaintiff's complaint survives review under § 1915(e)(2).. Her sworn IFP motion establishes that she is indigent for purposes of IFP review, and the Court cannot say at this stage that her claims are frivolous or malicious. The named Defendants are federal actors and cannot be said at this stage to be immune from relief. Plaintiff has pleaded enough to state a claim for the purposes of § 1915(e)(2) review.

Accordingly, Plaintiff's motion (Doc. 2) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **CROSS, ROBINSON,** and **McKINNEY**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **CROSS, ROBINSON,** and **McKINNEY** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[3] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

---

[3] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

---

summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

her application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 9, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge