IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY RHINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1003-GPM-DGW |
| ) | |
| JAMES CROSS, ROSALIND ROBINSON, ) | |
| and CHRISTINA MCKINNEY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy, pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Defendants' June 3, 2013 Oral Motion to Dismiss for Want of Prosecution and the Motion to Dismiss filed by Defendants on February 4, 2013 (Doc. 20).  For the reasons set forth below, it is **RECOMMENDED** that both Motions to Dismiss be **GRANTED**, that this matter be **DISMISSED** for lack of prosecution and for failure to exhaust administrative remedies, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On February 4, 2013, Defendants James Cross, Rosalind Robinson, and Christina McKinney filed a Motion to Dismiss or for Summary Judgment arguing that Plaintiff failed to exhaust her administrative remedies with respect to the claim raised in the Complaint (Doc. 20). Plaintiff filed a response on February 28, 2013 in which she stated that she was thwarted in her

efforts to file an administrative remedies request by prison officials.[1]  In light of these claims, a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was scheduled to take place on April 11, 2013 (Doc. 23).  At the time of the Order, Plaintiff's address, on file with the Clerk's Office, was 2515 Inwood Road, #115, Dallas, Texas 75235; however, her response to the Motion to Dismiss was mailed from the Federal Medical Center Carswell in Fort Worth, Texas.  Plaintiff was informed that if she was no longer incarcerated that she would be required to appear in person at the April 11, 2013 hearing.  Plaintiff was also specifically warned that the failure to appear at the hearing would result in a recommendation that this matter be dismissed for failure to prosecute.

Plaintiff failed to appear at the April 11, 2013 hearing and this Court issued an Order to Show Cause directing Plaintiff to indicate, in writing, why she failed to appear (Doc. 28).[2]  In response, Plaintiff stated that she was told, incorrectly as it turns out, by the Clerk's Office that there was no hearing on April 11, 2013 in this case (Docs. 29 and 30).  In light of Plaintiff's representations, this Court reset the *Pavey* hearing to June 3, 2013 at 1:30 p.m.  This date and time were to correspond with another hearing that Plaintiff had before Magistrate Judge Stephen C. Williams in the morning, in case 3:12-cv-211, *Rhine v. Bell*, et al., so that Plaintiff would not incur additional expense in travelling to East St. Louis for hearings.  That Order was sent to Plaintiff via FEDEX and, while she was not explicitly warned about the consequences of failing to appear, she was informed that it was her duty to be aware of the dates of scheduled hearings in her case.  In addition to the foregoing, Plaintiff was directed to file with the Court a notice indicating her

---

[1] Plaintiff's claims are related to her temporary incarceration at the St. Clair County Jail from June 17, 2010 to August 31, 2010 while she was serving a federal sentence. Plaintiff claims that she was subjected in intolerable living conditions and that she was denied access to legal materials.

[2] Defendants appeared by attorneys Jim Hipkiss and Tracy Knutson along with two witnesses.

telephone number and e-mail address (if she had one) by June 3, 2013.

Plaintiff not only failed to appear before the undersigned Judge, but she also failed to appear before Judge Williams on June 3, 2013. Plaintiff also failed to provide the requested information (phone number/e-mail address) by June 3, 2013. Defendants appeared by their attorneys Jim Hipkiss and Joe McGuire and two witnesses were present for the hearing. Attorney Hipkiss orally moved to dismiss this matter for want of prosecution.[3]

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiff in this matter has failed to appear at two scheduled hearings and has failed to comply with the Orders of this Court. While the first failure to appear was excused in light of Plaintiff's representations, there is no reason to excuse her second failure to appear. Defendants, along with two witnesses, appeared at both hearings and were ready to proceed. Plaintiff's failure to appear not only wasted the resources of this Court but also resulted in costs being incurred by Defendants. This matter should therefore be **DISMISSED with prejudice** for the failure to prosecute.

This Court would also note that Plaintiff has failed to counter Defendants' contention that she failed to exhaust her administrative remedies. Defendants provided evidence, in the form of an affidavit by Heather MacConnell, a Legal Secretary for the Consolidated Legal Center for the Bureau of Prisons, which would show that Plaintiff wholly failed to file an administrative remedies form related to the alleged unconstitutional conditions at the St. Clair County Jail. In her

---

[3] Defendants also seek to preserve their argument that this matter is subject to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), as held in *Witzke v. Femal*, 376 F.3d 744 (7th Cir. 2004).

response, Plaintiff did not present any evidence to counter this assertion but merely argued that she was stymied in her attempt to acquire the necessary forms.[4] Plaintiff's response is not verified and there are no exhibits supporting her claim. Therefore, Defendants have shown that Plaintiff failed to exhaust her administrative remedies prior to filing suit.[5] For this second reason, it is recommended that the complaint be **DISMISSED with prejudice**.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Defendants' June 3, 2013 Oral Motion to Dismiss for Want of Prosecution be **GRANTED**, that the Motion to Dismiss filed by Defendants on February 4, 2013 (Doc. 20) be **GRANTED**, that this matter be **DISMISSED** for lack of prosecution and for failure to exhaust administrative remedies, and that the Court adopt the following findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and

---

[4] Plaintiff was notified by Defendants of the consequences of failing to come forth with evidence to counter the assertions made in the Motion to Dismiss/ or for summary judgment (Doc. 21). Plaintiff was further instructed to serve all documents responsive to Defendants' claim upon Defendant prior to the *Pavey* hearing (Doc. 23).

[5] The PLRA provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Federal prisoners must exhaust administrative remedies by following the guidelines set by the Bureau of Prisons. *See* 28 C.F.R. §542.10 et seq.

Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 10, 2013**

                                                                  **DONALD G. WILKERSON**
                                                                  **United States Magistrate Judge**