IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY RHINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-1003-GPM |
| ) | |
| JAMES CROSS, ROSALIND ROBINSON, ) | |
| and CHRISTINA MCKINNEY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson recommending that this Court dismiss this matter with prejudice (Doc. 33). The Report and Recommendation was entered on June 10, 2013 (Doc. 33). Objections to the Report were due on or before June 27, 2013. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection. For the reasons set forth below, the Report and Recommendation is adopted.

Plaintiff Tracy Rhine filed the instant lawsuit pursuant to 42 U.S.C. § 1983 claiming that while she was temporarily incarcerated at the St. Clair County Jail, she was subject to unsanitary living conditions and denied access to legal materials (Doc. 5). Ms. Rhine's claims survived threshold review (*See* Doc. 5), and Defendants moved for summary judgment arguing that Rhine failed to exhaust her administrative remedies as required by 42 U.S.C. § 1997(e) (Doc. 20). Ms. Rhine filed a timely response to Defendants' motion (Doc. 22).

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), an evidentiary hearing on the issue of exhaustion was scheduled for March 4, 2013, but Ms. Rhine failed to appear as ordered (Docs. 27, 32). After Ms. Rhine explained her failure to appear, the hearing was rescheduled for June 3, 2013 (Doc. 31). But Ms. Rhine again failed to appear as ordered (Doc. 32). Defendants' counsel made an oral motion to dismiss the matter for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) (*See* Doc. 33).

The Report and Recommendation of Magistrate Judge Donald G. Wilkerson was entered on June 10, 2013 (Doc. 33). Judge Wilkerson recommended that this Court grant Defendants' oral motion to dismiss for lack of prosecution, and dismiss the matter with prejudice (Doc. 33). In the alternative, Judge Wilkerson recommended granting Defendants' motion for summary judgment and dismissing the case because Plaintiff was required to exhaust her administrative remedies before filing this lawsuit, and she failed to put forth admissible evidence to counter the Defendants' assertions that she did not exhaust (Doc. 33).

As previously stated, neither party filed an objection to the Report and Recommendation. Where no objection is made, the district court judge reviews the magistrate judge's recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

This Court has carefully reviewed the briefs and exhibits submitted by the parties, as well as, Judge Wilkerson's Report and Recommendation. Following this review, the Court agrees with the findings, analysis, and conclusions of Judge Wilkerson regarding Ms. Rhine's failure to prosecute this case. Rule 41(b) provides that a plaintiff's failure to prosecute a case or comply

with a court order should be punished by dismissal with prejudice. FED. R. CIV. P. 41(b). Ms. Rhine failed to appear for an evidentiary hearing on two occasions, even though she had been expressly warned by the Court that her inaction could lead to dismissal. She also failed to obey this Court's order of May 22, 2013 instructing her to provide her telephone number and e-mail address (Doc. 31). Ms. Rhine's repeated failure to appear at evidentiary hearings or follow the Court's orders warrants dismissal under Rule 41(b).

The Court, however, declines to adopt the Report and Recommendation with respect to the findings, analysis, and conclusions of Judge Wilkerson regarding Ms. Rhine's failure to exhaust her administrative remedies. In their motion for summary judgment, Defendants argue that Ms. Rhine was a "prisoner" under the PLRA and therefore required to exhaust her administrative remedies before filing the instant lawsuit, which she failed to do (*See* Doc. 20). However, at the outset of this case, the Court determined that Ms. Rhine did not meet the definition of "prisoner" under the Prisoner Litigation Reform Act ("PLRA") for the purposes of her motion to proceed *in forma pauperis* (Doc. 5). Therefore, finding in favor of Defendants on their motion for summary judgment would require the Court to adopt a position inconsistent with its previous Order (Doc. 5). Based on the evidence currently in front of the Court, it is not clear that the Court erred in its previous determination that Ms. Rhine was not a prisoner under the PLRA. Furthermore, the Court does not need to conclusively decide the issue at this time because it has already been determined that the case should be dismissed for failure to prosecute.

## CONCLUSION

Magistrate Judge Wilkerson's Report and Recommendation (Doc. 48) is **ADOPTED IN PART and DENIED IN PARTED.** Defendants' oral motion to dismiss is **GRANTED**.

Defendants' motion for summary judgment (Doc. 20) is **DENIED as moot**. This case is accordingly **DISMISSED with prejudice** for failure to prosecute. Judgment will enter accordingly.

**IT IS SO ORDERED.**

DATED: September 13, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge